897 F.2d 1057
 90-1 USTC P 50,143
 SECURITY PACIFIC MORTGAGE CORPORATION, a Delaware
Corporation, Plaintiff-Appellant,
v.
Harold J. CHOATE, Beverly Diane Choate, State of Colorado,
Apollo Credit Agency, Inc., and Dorothy
Witherspoon, Public Trustee For the
County of Jefferson, Defendants,
United States of America, Defendant-Appellee.
 No. 87-2402.
 United States Court of Appeals,
Tenth Circuit.
 March 8, 1990.
 
 1
 Mark A. Senn, (Alan D. Sweetbaum and Bruce B. McLarty, with him on the brief) of Senn Lewis Hoth & Leiser, P.C., Denver, Colo., for plaintiff-appellant.
 
 
 2
 Ernest J. Brown, U.S. Dept. of Justice, Washington, D.C. (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, William S. Estabrook and Stuart E. Horwich, Tax Div., Dept. of Justice, Washington, D.C., and Michael J. Norton, U.S. Atty., Denver, Colo., with him on the brief) for defendant-appellee.
 
 
 3
 Before HOLLOWAY and BRORBY, Circuit Judges and BOHANON,* District Judge.
 
 
 4
 BOHANON, Senior District Judge.
 
 
 5
 This appeal arises from a dispute between the United States Government and Security Pacific Mortgage Corporation over the priority of liens. The district court granted summary judgment in favor of the United States holding that the government's junior tax lien was elevated to a superior status in a nonjudicial foreclosure sale when the IRS did not receive notice of the sale. We REVERSE AND REMAND.
 
 I.
 
 6
 A grant of summary judgment is reviewable de novo. Vibra-Tech Engineers, Inc. v. United States, 787 F.2d 1416, 1418 (10th Cir.1986). This court will affirm when there are no genuine issues of material fact and when the party in whose favor the judgment was rendered is entitled to judgment as a matter of law. United States v. Colorado, 872 F.2d 338, 339 (10th Cir.1989).
 
 
 7
 The issues were submitted to the trial court based on the following stipulated facts. By a note dated April 26, 1984, the defendants Harold J. Choate and Beverly Diane Choate executed a promissory note, secured by a deed of trust, in the principal amount of $135,000.00 in favor of the plaintiff, Security Pacific Mortgage Corporation ("Security Pacific"). The deed of trust was recorded on May 11, 1984. Between July 2, 1984 and August 6, 1985, the Secretary of the Treasury filed notices of several tax liens on the same property and corrections thereof. After declaring a default, Security Pacific instituted public trustee foreclosure proceedings but failed to give notice to the Internal Revenue Service ("IRS") as required by 26 U.S.C. Sec. 7425.
 
 
 8
 A public trustee foreclosure sale was held on July 9, 1985, at which Security Pacific bought the property for $125,637.83, the total indebtedness owing to Security Pacific. Security Pacific was issued a certificate of purchase which was recorded on July 16, 1985. The period for redemption expired on January 9, 1986. The nine month period referred to in Colo Rev.Stat. Sec. 38-39-111(2) expired on October 9, 1986. Security Pacific did not apply for a public trustee deed but instead filed this foreclosure proceeding.
 
 II.
 
 9
 The issue in this case is whether the failure of Security Pacific to give notice to the IRS of the nonjudicial sale of the subject property results in the IRS' lien being elevated to a position superior to Security Pacific's interest.
 
 
 10
 Section 7425(b) of the Internal Revenue Code dictates the method for discharging a tax lien when the underlying property is sold. If proper notice is given to the IRS, then local law will determine the discharge or divestment of the tax lien. 26 U.S.C. Sec. 7425(b)(2). But when proper notice is not given to the IRS and the government has complied with the filing requirements of Sec. 7425(c), the sale of the property is "made subject to and without disturbing [the tax] lien or title...." Id. at 7425(b)(1). This language does not elevate the government's lien but "merely preserves federal tax liens from being extinguished through sale of the underlying collateral" when property is sold without notice. United States v. Colorado, 872 F.2d 338, 341 (10th Cir.1989).
 
 
 11
 Pursuant to the statutory scheme, state law determines property rights, and federal law, when applicable, determines the priority of such rights. See United States v. Rodgers, 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983); Aquilino v. United States, 363 U.S. 509, 512-14, 80 S.Ct. 1277, 1279-81, 4 L.Ed.2d 1365 (1960); United States v. Wingfield, 822 F.2d 1466, 1473 (10th Cir.1987). We must look to Colorado law to determine what property rights Security Pacific held.III.
 
 
 12
 The status of Security Pacific's property rights depends on whether its lien was extinguished when it bought the property at the public trustee foreclosure sale. In Colorado Property Acquisitions v. United States, 894 F.2d 1173 (10th Cir.1990), we held that the intent to preserve the lien is controlling. Also, under Colorado law when there is not an express intention to preserve the lien, then one will be inferred when the best interest of the lienholder is served by the preservation of the lien. The circumstances in this case require us to infer that Security Pacific did not intend that its lien be extinguished. Therefore, Security Pacific's lien retained its priority over the federal tax lien. We REVERSE and REMAND this case to the District Court for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Luther Bohanon, Senior United States District Judge for the Eastern, Northern and Western Districts of Oklahoma, sitting by designation