921 F.2d 1229
 67 A.F.T.R.2d 91-517, 91-1 USTC P 50,069
 BALDWIN COUNTY SAVINGS & LOAN ASSOCIATION, f/d/b/a Baldwin
County Federal Savings Bank, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Daniel W. Taylor, Rowena Taylor,
Donald R. Nelson, Defendants-Appellees.
 No. 90-7246
 Non-Argument Calendar.
United States Court of Appeals,
Eleventh Circuit.
 Jan. 22, 1991.
 
 Donald M. Briskman and Donna L. Ward, Briskman & Binion, P.C., Mobile, Ala., for plaintiff-appellant.
 J.B. Sessions, III, U.S. Atty., Eugene A. Seidel, Asst. U.S. Atty., Mobile, Ala., and Gary R. Allen, Chief, Jordan L. Glickstein, and William S. Estabrook, U.S. Dept. of Justice, Appellate Section, Tax Div., Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Alabama.
 Before JOHNSON, HATCHETT, and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this appeal, Baldwin County Savings & Loan Association ("BCSL") appeals the district court's grant of summary judgment in favor of the Internal Revenue Service ("IRS"). The dispute involves two conflicting interests in a parcel of real property in Baldwin County, Alabama: the foreclosure interest of the mortgagor, BCSL, and a tax lien held by the IRS. BCSL foreclosed on the property and sold it at a nonjudicial auction to satisfy the mortgagee's outstanding obligations. The IRS subsequently seized the property pursuant to a tax lien and scheduled a judicial sale to recover delinquent income taxes. BCSL filed suit to enjoin the IRS sale and to obtain clear title to the property. Both BCSL and the IRS filed motions for summary judgment. The district court denied BCSL's motion but granted summary judgment in favor of the IRS.
 
 
 2
 The district court held that when a nonjudicial sale takes place more than thirty days after the IRS files notice of a tax lien and the seller does not provide notice of the sale to the IRS, the nonjudicial sale does not affect the government's interest in the property and the tax lien may be enforced. We vacate the summary judgment and remand this case to the district court for entry of a judgment in favor of appellant.
 
 I. FACTS
 
 3
 On September 11, 1972, Daniel W. Taylor and his wife at that time, Rowena Taylor, executed a mortgage with BCSL covering the real property at issue in this case. The mortgage, which was duly recorded, permitted Baldwin to foreclose on the property and resell it in the event of default. Rowena Taylor later sold her entire interest in the property to her husband, Daniel Taylor, by deed dated January 26, 1978. As of that date, Daniel Taylor assumed responsibility for making the mortgage payments and complying with the terms of the mortgage. Daniel Taylor and Rowena Taylor were divorced on July 14, 1980. The divorce decree expressly stated that all rights, title and interest in the property were vested in Daniel Taylor. Daniel Taylor subsequently remarried Renee Taylor.
 
 
 4
 Daniel Taylor later defaulted on the mortgage with $15,268.61 still owed to BCSL. The operative events that followed are best summarized chronologically, because the central issue of this case is the timing between the foreclosure sales scheduled by BCSL and the lien notices issued by the IRS:
 
 
 5
 July 23, August 2, and August 9, 1984: BCSL published notice of its intent to foreclose on the subject property and sell it in front of the Baldwin County Courthouse on August 17, 1984.
 
 
 6
 July 31, 1984: IRS filed notice of tax liens against Daniel and Renee Taylor for unpaid income taxes from 1982 and 1983.[1]
 
 
 7
 August 20, 1984: BCSL sent a letter to the District Director of the IRS office in Atlanta, Georgia, providing notice that BCSL had originally scheduled a nonjudicial sale of the real property for August 17, 1984, but that it had now rescheduled that sale for September 14, 1984. The letter also stated the amount owed to BCSL under the mortgage and provided a copy of the IRS liens filed against the property.
 
 
 8
 Later, BCSL applied for a discharge of the tax lien against the property, which was denied by the IRS.
 
 
 9
 September 14, 1984: BCSL sold the property at the Baldwin County Courthouse for $16,924.81. The IRS subsequently seized the property and scheduled a government sale for June 30, 1988.
 
 
 10
 This litigation began on June 27, 1988, when BCSL filed suit in Alabama state court to enjoin the IRS' sale of the property and to seek a discharge of the IRS lien. The IRS removed the case to federal district court in the Southern District of Alabama. Both the IRS and BCSL filed motions for summary judgment. The district court denied BCSL's motion but granted summary judgment in favor of the IRS. BCSL filed this appeal as well as a Motion to Stay Final Judgment Pending Appeal, which was granted by the district court.
 
 II. ISSUE ON APPEAL
 
 11
 The sole issue is whether the district court erred in holding that BCSL was required to provide notice to the IRS of the scheduled sale of the subject property.
 
 III. DISCUSSION
 
 12
 The dispositive facts are not in dispute. Therefore, we will review the district court's ruling de novo.
 
 
 13
 Section 7425 of the Internal Revenue Service Code provides that when a creditor sells property in which the United States claims a lien or other interest, the creditor's sale will divest the United States of its interest if the government does not file notice of its lien or other interest more than 30 days prior to the date of the sale. See I.R.C. Sec. 7425(b)(2)(A). If the creditor's sale occurs more than thirty days after the government files notice of its interest, however, the creditor must provide written notice "not less than 25 days prior to the date of the sale ... to the district director for the internal revenue district in which the sale is to be conducted." Treas.Reg. Sec. 301-7425-3(a)(1). If the creditor provides such notice, its sale will discharge the United States' interest in the property "as may be provided with respect to such matters by the local law of the place where such property is situated." I.R.C. Secs. 7425(b)(2)(C) & (c)(1).
 
 
 14
 In this case, the district court concluded that because BCSL sold the subject property on September 14, 1984, more than 30 days after the IRS filed notice of its lien on July 31, 1984, BCSL had to provide written notice of the sale to the appropriate district director of the IRS in order for the sale to discharge the government's lien. The district court further held that BCSL's notice letter of August 20, 1984, did not constitute proper notice because it was directed to the Atlanta district of the IRS rather than to the Birmingham district, which was the site of the government's scheduled sale. Based on those findings, the district court held as a matter of law that BCSL had an obligation to provide notice to the IRS of its intent to sell the property and failed to provide that notice because the letter was directed to the incorrect IRS office. Therefore, the district court granted the IRS' motion for summary judgment.
 
 
 15
 On appeal, BCSL argues that the district court erred in finding that BCSL was required to provide notice of the scheduled sale to the IRS. BCSL agrees that when a creditor's sale is scheduled for a date more than 30 days after the IRS gives notice of its lien, the creditor must provide notice to the IRS of the scheduled sale. See I.R.C. Sec. 7425(b)(2)(A). BCSL disagrees, however, that notice must be given solely because the sale actually occurs more than 30 days after the IRS gives notice of its lien. BCSL argues that when the originally scheduled date of sale is less than 30 days after notification of the IRS lien, a creditor is not required to provide notice of the sale unless the sale is rescheduled for a date more than thirty days after its originally scheduled date.
 
 
 16
 BCSL agrees that the IRS provided notice of its lien interest in the disputed property on July 31, 1984 and that BCSL's sale of the property was originally scheduled for August 17, 1984. Thus, BCSL contends correctly that it was not required to provide notice of that sale to the IRS, because the scheduled date of the sale, August 17, was less than 30 days after the IRS published notice of its interest on July 31. See I.R.C. Sec. 7425(b)(2)(A).
 
 
 17
 BCSL asserts, however, that the district court erred in finding that BCSL had to provide notice of the sale to the IRS because the sale was ultimately rescheduled for September 14, a date more than 30 days after the IRS filed notice of its lien. BCSL argues that no notice is required when a sale for which notice was not originally required is rescheduled to occur within 30 days after its originally scheduled date.
 
 
 18
 In support of that position, BCSL cites Treas.Reg. Sec. 7425-3(a)(2), which deals with the effects of a postponed sale date under I.R.C. Sec. 7425. That regulation provides that where notice of a nonjudicial sale would not be required if the sale occurred on its originally scheduled date, the seller must nevertheless provide notice to the IRS if the sale is rescheduled for a date more than thirty days after the originally scheduled date and the postponed date of the sale is more than 30 days after the IRS files notice of its lien. See Treas.Reg. Sec. 301-7425(a)(2)(ii)(A)-(C).[2] BCSL concedes that the actual sale date, September 14, 1984, was more than thirty days after the IRS filed notice of its lien. BCSL argues, however, that the treasury regulations only require notice to be provided if "more than 30 days elapse between the originally scheduled date and sale date." Treas.Reg. Sec. 301-7425(a)(2)(ii)(B). Under that language, BCSL asserts that no notice is required if less than 30 days elapse between the originally scheduled date and the postponed date of sale.
 
 
 19
 As further support, BCSL cites the third example following Treas.Reg. Sec. 301.7425-3, which illustrates the operation of the regulation on facts similar to those in the instant case:
 
 
 20
 A nonjudicial sale of Whiteacre, belonging to B, a delinquent taxpayer, is scheduled for December 2, 1968. A notice of lien applicable to Whiteacre is filed on November 12, 1968, in accordance with section 6323. As the notice of lien was not filed more than 30 days before December 2, 1968, no notice of sale is given to the district director. On December 2, 1968, the sale of Whiteacre is postponed until December 20, 1968. Even though more than 30 days elapsed between the date notice of lien was filed (November 12, 1968) and the date of the sale (December 20, 1968), no notice of sale is required to be given to the district director because not more than 30 days elapsed between the date of the originally scheduled sale (December 2, 1968) and the date the sale was actually held (December 20, 1968).
 
 
 21
 See Treas.Reg. Sec. 301.7425-3(a)(2)(iii), Example (3). Under that example, BCSL argues that no notice is required in the instant case because not more than thirty days elapsed between the originally scheduled date of sale, for which no notice was required, and the postponed, actual date of sale.
 
 
 22
 We agree. BCSL is correct that it was not required to give the IRS notice of the originally scheduled sale, because it was scheduled for a date less than 30 days after the IRS published notice of its lien. BCSL is also correct that it did not have to provide notice of the sale when it was postponed from August 17, 1984, until September 14, 1984.[3] We hold that when a creditor is not required to provide notice of a nonjudicial sale to the IRS because the sale is scheduled for a date less than 30 days after the IRS files notice of its lien, the creditor need not provide notice to the IRS if the sale is subsequently postponed until a date that is less than 30 days after its originally scheduled date. Therefore, we hold that BCSL was not required to provide notice of the sale in this case to the IRS.
 
 
 23
 On appeal, the IRS conceded that its argument to the district court and, as a result, the district court's holding were contrary to the express provisions of the treasury regulations and recommended that the judgment below be vacated and remanded for entry of a judgment in favor of the appellant.
 
 
 24
 The judgment of the district court is VACATED and this case is REMANDED to the district court for entry of a judgment in favor of the appellant.
 
 
 25
 VACATED AND REMANDED.
 
 
 
 [1]
 In addition to the tax lien filed against Daniel and Renee Taylor, the IRS also filed a tax lien against Daniel Taylor's ex-wife, Rowena Taylor, and her husband at the time, James R. Taylor. The notices against James and Rowena Taylor were filed on January 10 and July 31, 1984
 The IRS originally claimed that the tax lien filed against James and Rowena Taylor on January 10, 1984 reached the property at issue in this case, so that a tax lien was filed against the property far more than 30 days before BCSL published notice on July 26, 1984 of its scheduled foreclose sale. BCSL argues, and the IRS now concedes in its brief, that the liens filed against James and Rowena Taylor did not reach the property at issue in this case, because the deed executed by Daniel and Rowena Taylor in 1978 as well as their divorce decree in 1980 expressly provided that "all rights, title, and interest in the property" were vested in Daniel Taylor. Appellant's Brief at 4. Thus, the earliest IRS notice to reach the property was the notice filed on July 31, 1984 against Daniel and Renee Taylor.
 
 
 [2]
 Treas.Reg. Sec. 301-7425-3(a)(2)(ii)(A), (B) & (C) provide as follows:
 (ii) Where notice of a sale is not given. In the event that--
 (A) Notice of a nonjudicial sale would not be required under subparagraph (1) of this paragraph (a), if the sale were held on its originally scheduled date,
 (B) Because of a postponement of the scheduled date, more than 30 days elapse between the originally scheduled date and the date of the sale, and
 (C) A notice of lien with respect to the property to be sold is filed more than thirty days before the date of the sale, notice of the sale is required to be given to the [appropriate] district director ...
 Id. (emphasis original).
 
 
 [3]
 The merit of BCSL's position regarding the postponement can be illustrated by recounting a portion of the example in the treasury regulations and substituting the dates involved in this case for those used in the example:
 Even though more than 30 days elapsed between the date notice of lien was filed [by the IRS (July 31, 1984),] and the date of the sale [September 14, 1984], no notice of sale is required to be given to the district director because not more than 30 days elapsed between the date of the originally scheduled sale [August 17, 1984] and the date the sale was actually held [September 14, 1984].
 See Treas.Reg. Sec. 301.7425-3(a)(2)(iii), Example (3) (brackets added).