RIMCO ACQUISITION COMPANY,
Plaintiff,

v.

Wardell JOHNSON, an individual, his heirs, and assigns, known and unknown, Bessie J. Johnson, her heirs, and assigns, known and unknown, Goldman Investments Company Profit Sharing Plan, a Michigan Corporation, The United States of America–Internal Revenue Service, Occupants

at 137 McLean, Highland Park, Michigan, and all other persons or entities who may claim an interest in property commonly known as 137 McLean, Highland Park, Michigan, Defendants.

No. 98–CV–60379–AA.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 6, 1999.

Randall T. LeVasseur, Detroit, MI, Allen J. Dyer, Detroit, MI, for Rimco Acquisition Company, plaintiff.

Francis L. Zebot, United States Attorney's Office, Detroit, MI, John H. Lindquist, United States Department of Justice, Tax Division, Washington, DC, for United States of America, Internal Revenue Service, defendant.

James J. Walsh, David C. Reese, Bodman, Longley, Detroit, MI, for B.N. Bahadur, conservator of the MCA/RIMCO, debtors movant.

*ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT and ORDER OF REMAND*

HACKETT, District Judge.

Before the court is an action to quiet title to property located at 137 McLean, Highland Park, Michigan. Originally, this action was filed in Wayne County Circuit Court. However, defendant United States of America (United States) removed the action to federal court pursuant to 28 U.S.C.A. § 1444 (West 1994).

Defendant Wardell Johnson, a holder of an interest in the property, failed to pay federal income taxes for the years 1987 and 1988. As a result, the United States attached a lien on the property in the amount of $22,055.85, which includes statutory interest. The United States' lien was recorded with the Wayne County Register of Deeds on December 21, 1995. However, the property was subjected to a tax sale resulting from unpaid property taxes. The State of Michigan and ultimately, the City of Highland Park, obtained title to the property. Plaintiff purchased the property from the City of Highland Park and initiated the instant action in an effort to quiet title to the property. According to plaintiff, the United States' interest in the property was extinguished through the tax sale.

On April 1, 1999, the United States filed a motion for summary judgment. After failing to receive a timely response to the motion, the court ordered plaintiff to show cause in writing why summary judgment should not be granted in favor of the United States. On May 21, 1999, plaintiff filed a written response to the court's order to show cause.

Defendant United States argues that the property is still subject to its recorded federal tax liens because no notice of the non-judicial sale was served upon the United States pursuant to § 7425 of the Internal Revenue Code. On January 22, 1999, the United States served a Request for Admissions, Interrogatories and a Request for Production upon plaintiff to determine whether the United States was properly given notice of the nonjudicial sale. To date, plaintiff has failed to respond to the United States' discovery. As a result, the United States contends that plaintiff is deemed to have admitted that the United States was never given proper notice of the tax sale.

In response, plaintiff informed the court that it is a wholly owned subsidiary of one of the MCA/RIMCO debtors,[1] who filed voluntary petitions for relief under Chapter 11 of the United States Code (the Bankruptcy code). Mortgage Corporation of America (MCA) is the mortgagee of the property, securing a $45,000 indebtedness owed by plaintiff. Because of the mortgage arrangement, plaintiff argues that MCA has an interest in the property and that this interest is part of MCA's bankruptcy estate. According to plaintiff, any grant of summary judgment in favor of the United States would adversely affect the property interest of the bankruptcy estate of MCA. Therefore, plaintiff requests that the court stay the case pursuant to the automatic stay provisions of 11 U.S.C.A. § 362(a)(3) (West 1993 & Supp.1999).

In reply, defendant United States contends that the action is not subject to stay pursuant to 11 U.S.C.A. § 362(a)(3). According to the United States, the bankruptcy filing by a parent does not automatically stay actions against a wholly owned subsidiary. Plaintiff has not filed for bankruptcy relief. Instead, plaintiff is merely a wholly owned subsidiary of one of the bankruptcy debtors. While plaintiff asserts that the grant of summary judgment in favor of the United States would adversely affect MCA's mortgage interest, the MCA/RIMCO debtors have not been named as a party in this action to quiet title. In fact, defendant United States argues that the instant action could only improve the MCA/RIMCO debtors relative priority as this case seeks to remove the United States' lien as a discharged lien. Furthermore, the United States contends that it is not attempting to foreclose its tax lien at this time. It is not seeking to obtain possession of the property or to exercise control over the property. In-

---

1. MCA Financial Corporation, MCA Mortgage Corporation, Mortgage Corporation of America, Inc., RIMCO Financial Corporation, RIMCO Management Company, RIMCO Building Company, RIMCO Development Company, Real Estate Solutions Group, RIMCO Realty and Mortgage, Mortgage Corporation of America, Warehouse Lenders, Inc., and Property Corporation of America.

stead, the United States is merely attempting to maintain its status as a lien holder.

### Standard of Review

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See F.D.I.C. v. Alexander,* 78 F.3d 1103, 1106 (6th Cir.1996). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Kutrom Corp. v. City of Center Line,* 979 F.2d 1171, 1174 (6th Cir.1992).

The standard for determining whether summary judgment is appropriate is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Winningham v. North Am. Resources Corp.,* 42 F.3d 981, 984 (6th Cir. 1994) (citing *Booker v. Brown & Williamson Tobacco Co. Inc.,* 879 F.2d 1304, 1310 (6th Cir.1989)). The evidence and all inferences therefrom must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996); *Wilson v. Stroh Co., Inc.,* 952 F.2d 942, 945 (6th Cir.1992). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);

*see also Hartleip v. McNeilab, Inc.,* 83 F.3d 767, 774 (6th Cir.1996).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *see also Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir.1995). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Further, the non-moving party cannot rest on its pleadings to avoid summary judgment. It must support its claim with some probative evidence. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied,* 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

### Analysis

 Congress established a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to any taxpayer who fails to pay federal taxes due. 26 U.S.C.A. § 6321 (West 1989). *See Fognini v. Hughes,* No. 91–75359, 1993 WL 126410 at *1, 71 A.F.T.R.2d 93–750, 93–1 U.S.T.C. P 50,180 (E.D.Mich. Jan. 7, 1993). A federal tax lien arises at the time the IRS assesses the tax delinquencies against a taxpayer and sends a notice and demand for payment. *Id.* at § 6322. Generally, once notice of the federal tax lien is properly filed, it is entitled to priority over subsequent competing liens. *Id.* at § 6323. "[A] federal tax lien attaches to the property itself, not to the delinquent taxpayer's ownership interests in the property." *Fognini,* No. 91–75359, 1993 WL 126410, at *2. When a federal tax lien is filed, it is state law which determines whether the delinquent taxpayer has an interest in property to which the federal lien may attach. *Id.* However, "[t]he transfer of property subsequent to the attachment of the lien does

not affect the lien, for 'it is of the very nature and essence of a lien, that no matter into whose hands the property goes, it passes cum onere [subject to the incumbrance]. . . .' " *Id.* (citing *United States v. Bess,* 357 U.S. 51, 57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958)).

▉ 26 U.S.C.A. § 7425 (West 1989) outlines the manner in which a federal tax lien may be divested under local law. § 7425 provides in part:

> (b) Other sales.—Notwithstanding subsection (a) [covering judicial sales] a sale . of property on which the United States has or claims a lien, or a title derived from enforcement of a lien, under the provisions of this title, made pursuant to an instrument creating a lien on such property, pursuant to a confession of judgment on the obligation secured by such an instrument, or pursuant to a nonjudicial sale under a statutory lien on such property—(1) shall, except as otherwise provided, be made subject to and without disturbing such lien or title, if notice of such lien was filed or such title recorded in the place provided by law for such filing or recording more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1); . . . .

Treasury Regulation § 301.7425–2(1) defines the term "non-judicial sale" as including a state property tax sale. *Fognini,* No. 91–75359, 1993 WL 126410, at *2. Therefore, once a federal tax lien is properly filed, the United States must be given notice of any nonjudicial sale, in this case the tax sale, or the property remains subject to the federal lien. *See Vereyken v. Annie's Place, Inc.,* 964 F.2d 593, 596 (6th Cir.1992); *Baldwin County Savings and Loan Ass'n v. I.R.S.,* 921 F.2d 1229, 1231 (11th Cir.1991); *Security Pacific Mortgage Corp. v. Choate,* 897 F.2d 1057, 1058 (10th Cir.1990); *Fognini,* No. 91–75359, 1993 WL 126410, at *2.

▉ In the instant case, the United States' tax lien was recorded with the Wayne County Register of Deeds on December 21, 1995. Plaintiff does not assert that it gave notice to the United States or the IRS of the tax sale (timely or otherwise). In fact, defendant United States' assertion that plaintiff failed to respond to its interrogatories and requests for admissions went unchallenged. Because plaintiff failed to respond to the United States' request for admissions served on January 22, 1999, the court finds that plaintiff is deemed to have admitted that the United States was never given proper notice of the tax sale. Fed.R.Civ.P. 36(a); *See* First Requests for Admission to RIMCO, ¶ 6, p. 3. Therefore, the property remains subject to the United States' federal tax liens.

▉ Although plaintiff requests that this court stay the instant action pending the bankruptcy proceedings of plaintiff's parent company, the court finds that plaintiff's argument lacks merit. Plaintiff has not filed for bankruptcy relief. Instead, plaintiff's parent company is currently a debtor in a bankruptcy proceeding. Plaintiff has offered no support for its position that a bankruptcy filing by a parent company automatically stays actions against a wholly owned subsidiary. 11 U.S.C.A. § 362(a)(3) provides for an automatic stay against "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The United States is not attempting to obtain possession of the property or to exercise control over the property. Moreover, the United States is not requesting that the property be sold to satisfy its existing federal tax lien at this time. Instead, the United States is seeking to preserve its status as a federal tax lien holder as a result of plaintiff's lawsuit seeking to quiet title to 137 McLean, Highland Park, Michigan.

Furthermore, the United State's federal tax lien was recorded with the Wayne County Register of Deeds at the time MCA was granted a mortgagee interest in the property. Plaintiff and MCA were on

notice at the time of the tax sale of the United States' lien interest on the property. Therefore, the grant of summary judgment would not adversely affect the property interest of MCA's bankruptcy estate.

### Conclusion

Because federal law controls the discharge of a federal tax lien and plaintiff failed to comply with the notice requirements of 26 U.S.C.A. § 7425, the federal tax lien filed against 137 McLean, Highland Park, Michigan, has not been discharged and the United States' motion for summary judgment is hereby **GRANTED.** In addition, the court no longer retains jurisdiction pursuant to 28 U.S.C.A. § 1444, as the United States is no longer a party in the instant action. Therefore, the case is hereby **REMANDED** for further proceedings in state court.

SO ORDERED.

### *JUDGMENT*

The above-captioned matter has come before the court on defendant the United States of America's motion for summary judgment, and in accordance with the court's order granting defendant's motion for summary judgment entered on August 5, 1999,

IT IS ORDERED AND ADJUDGED that judgment hereby is GRANTED in favor of defendant the United States of America.