KUTROM CORPORATION, a Michigan corporation, d/b/a Oasis Executive Spa, 2537 Van Dyke, Center Line, Michigan, Plaintiff–Appellant,

v.

CITY OF CENTER LINE, a municipal corporation, Defendant–Appellee.

No. 91–2356.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 5, 1992.

Decided Nov. 18, 1992.

Stephen M. Taylor (briefed), Farmington Hills, Mich., for plaintiff-appellant.

Christine D. Oldani (briefed), James E. Tamm, Plunkett & Cooney, Detroit, Mich., for defendant-appellee.

Before: GUY and BATCHELDER, Circuit Judges; and LIVELY, Senior Circuit Judge.

LIVELY, Senior Circuit Judge.

The question in this case is whether the district court erred in granting a city's motion for summary judgment in a resident's action seeking to have a city ordinance declared unconstitutional. More particularly, this court must decide whether the district court properly granted summary judgment on the basis of a presumption of an ordinance's validity without requiring the city, as the moving party, to produce any evidence of the reasonableness of regulations and restrictions contained in

the ordinance. For the reasons that follow, we affirm the judgment of the district court.

## I.

### A.

The plaintiff, Kutrom Corporation d/b/a Oasis Executive Spa (Kutrom) operates a health club in Center Line, Michigan. In addition to athletic facilities, Kutrom offers massages to the general public for a fee. If requested by a customer, massages are performed by female employees of Kutrom attired in "harem costumes." Prior to April 1, 1990, Kutrom operated its business from 10:00 a.m. to 5:00 a.m. Monday through Thursday, from 10:00 a.m. to 6:00 a.m. Friday and Saturday, and from 2:00 p.m. until 3:00 a.m. on Sunday. Kutrom's "logo" was the female masseuse dressed in a harem costume.

In July 1989 the defendant City of Center Line adopted Ordinance No. 309 regulating massage parlor businesses in the city. Among other provisions, the ordinance prohibited the operation of a massage parlor between the hours of 9:00 p.m. and 11:00 a.m., and prescribed the length, type, required parts of the body covered, and color of clothing to be worn by persons administering massages. The ordinance went into effect on March 31, 1990.

### B.

Shortly before the effective date of the ordinance, the plaintiff filed its complaint seeking a declaration that the ordinance violated its rights under the Due Process Clause of the Fourteenth Amendment. Asserting that the ordinance threatened it with irreparable injury and that it had no adequate remedy at law, Kutrom sought preliminary and permanent injunctions to prohibit enforcement of the ordinance against it.

The city's answer generally denied the allegations of the complaint and put the plaintiff to its proofs. The city asserted several affirmative defenses. Pertinent to our review was the defense that the ordinance "was adopted by the City of Center Line under its police power and is presumptively valid." Continuing, the answer stated that the ordinance appropriately restricts and regulates the operation of massage parlors in such a manner as to protect "the health, safety, welfare, aesthetics and property values of the citizens of the city of Center Line." The city also alleged that Kutrom had not pled facts sufficient to overcome the presumptive validity of the ordinance.

### C.

After each party served interrogatories on the other, the city filed a motion for summary judgment. To support its motion the city filed a brief, exhibits (including a copy of Ordinance No. 309), and the affidavit of a professional city planner. In its motion and brief, the city argued that it has the power to regulate occupations and businesses that are detrimental to the health, morals and welfare of its inhabitants. Relying on the presumption of validity that attaches to ordinances enacted under a municipality's police power, the city contended that the ordinance had a rational basis and was a reasonable means of advancing a legitimate governmental interest. The city specifically denied that the ordinance violated the plaintiff's due process rights.

The city planner's affidavit dealt only with "the significant blighting influence and detrimental effect" of "adult entertainment uses" on land use patterns of a community. The affidavit did not address the issue of inhabitants' health, morals or welfare.

The plaintiff's response conceded the ordinance's presumption of validity, but contended that "whether plaintiff is able to overcome that presumption is a question of fact to be determined upon the merits by the trier of fact." Also, the plaintiff argued, whether the regulations are reasonable and represent a rational means of advancing the health, safety and welfare of the people of Center Line is a question of fact.

## II.

### A.

With the issues fully briefed the district court conducted a hearing on the motion for summary judgment. The attorney for the city argued that because the ordinance did not affect fundamental rights, it should be upheld if there is any state of facts under which it could be supported. Applying this lenient standard, he maintained, the court should hold that the ordinance's terms are rationally related to the city's interest in protecting the public's health, safety and welfare and in ensuring that massage parlors are not mere fronts for prostitution. As further support for the ordinance the attorney referred to the city planner's affidavit concerning the blighting effect "of these kinds of uses on the surrounding neighborhood."

Kutrom's attorney agreed that the case did not involve regulating or prohibiting the exercise of a fundamental right, and that the court should apply a rational basis test. When counsel began to argue that the city planner's affidavit did not speak to the basic issue in the case, the judge interjected, "Let's forget the affidavit." The court then directed Kutrom's attorney to explain what was wrong with restricting hours and clothing.

Getting to the heart of his argument, Kutrom's attorney asserted that neither the ordinance itself nor any evidence of historical experience provided a justification for the selection of the 9:00 p.m. closing time. Without some showing of the reason for selection of this particular hour for closing, the record provided no rational basis for upholding this feature of the ordinance. While a city can regulate businesses, counsel asserted that it must not do so arbitrarily, but must establish on the record a rational basis for the particular regulation adopted.

### B.

Without requiring a response from the city, the district court ruled from the bench. Although he had told Kutrom's attorney to "forget the affidavit," the district judge turned to the affidavit immediately after outlining provisions of the ordinance. He described the affidavit as stating that "unrestricted massage establishments may have a permanent and irreparable negative impact on the surrounding land use pattern in a community." Next, the court took judicial notice of the "many, many cases" in which courts have upheld massage parlor ordinances against substantive due process attacks. Finally, the court confirmed that ordinances regulating businesses are presumptively valid and one who challenges such an ordinance bears the burden of overcoming the presumption.

Turning to the Ordinance No. 309, the court stated that it failed to see how it could be claimed fairly that the law lacks a rational basis. Explaining this conclusion, the court stated:

> The regulation of hours I think is reasonable. Because illegal sexual conduct is most likely to take place at night, closing massage establishments during night time hours serves a legitimate interest in curtailing illegal sexual conduct. Similarly, a regulation governing the clothing worn by massagers has a rational basis in that the regulation of provocative dress furthers the legitimate state interest in assuring that massage parlors are not mere subterfuges for prostitution. In addition, requiring licensing and certificates of health serves the legitimate interest in providing safe and healthy operations thereby protecting the welfare of the patron and the general community.

In accordance with this opinion, the district court entered an order granting the city's motion for summary judgment and dismissing the action. Kutrom appeals from this final order.

### III.

We review an order granting summary judgment de novo. Once disfavored, summary judgment has taken on new life under recent Supreme Court decisions. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) ("Summary judgment procedure is properly

regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole which are designed 'to secure the just, speedy and inexpensive determination of every action.' ") (citations omitted). Nevertheless, Rule 56 of the Federal Rules of Civil Procedure controls the disposition of all summary judgment motions, and recent decisions have merely clarified the application of that rule.

This case is about the burden that Rule 56 places upon one who makes a motion for summary judgment. Quoting Rule 56(c),[1] the Court stated in *Celotex* that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323, 106 S.Ct. at 2553. The "if any" language in Rule 56(c) negates the claim that a movant must support its motion with affidavits. Rather, as the Court stated, "the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

Continuing its discussion of the burden placed on the moving party by Rule 56(c), the Court rejected the idea that the moving party must

> produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. Instead ... the burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence

of evidence to support the nonmoving party's case.

*Id.* at 325, 106 S.Ct. at 2554.

## IV.

■ Applying Rule 56 as interpreted by the Supreme Court, we have no doubt that the district court properly granted the city's motion for summary judgment.

### A.

The lenient "rational basis" standard finds its least stringent application in cases involving a governmental unit's exercise of its police powers. The Supreme Court has stated repeatedly that an ordinance or statute directed toward economic or social welfare regulation adopted in exercise of police powers is presumptively valid, and the burden on the issue of reasonableness lies with the party challenging such an enactment. *E.g., Goldblatt v. Town of Hempstead,* 369 U.S. 590, 595–96, 82 S.Ct. 987, 990–91, 8 L.Ed.2d 130 (1962); *Bibb v. Navajo Freight Lines,* 359 U.S. 520, 529, 79 S.Ct. 962, 967, 3 L.Ed.2d 1003 (1959); *Salsburg v. Maryland,* 346 U.S. 545, 553, 74 S.Ct. 280, 284, 98 L.Ed. 281 (1954). Recognizing the force of this presumption, we stated in a recent case that "such presumptions are entitled to as much force and effect under summary judgment procedure as elsewhere...." *Curto v. City of Harper Woods,* 954 F.2d 1237, 1242 (6th Cir. 1992) (quoting *Wermager v. Cormorant Township Bd.,* 716 F.2d 1211, 1214 (8th Cir.1983)).

Addressing a claim that a state Sunday closing law violated the Equal Protection Clause, the Supreme Court stated in *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), that "[a] statutory discrimination will not be set aside if any set of facts reasonably may be conceived to justify it." *Id.* at 426, 81 S.Ct.

---

1. FED.R.CIV.P. 56(c) provides:

     (c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

at 1105. Similarly, in rejecting a due process challenge to an act of Congress under the Commerce Clause, the Court limited the inquiry into legislative judgment to the question "whether any state of facts either known or which could reasonably be assumed affords support for it." *United States v. Carolene Products Co.*, 304 U.S. 144, 154, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1938).

### B.

By invoking the presumption of validity and identifying at least two legitimate governmental concerns that the ordinance would serve, the city clearly carried its initial burden under Rule 56. The city was not required to produce any evidence at this stage, but needed only to point out a "state of facts either known or which could reasonably be assumed" in support of the ordinance. This the city did, and the burden then shifted to Kutrom to set forth "specific facts showing that there [was] a genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e).

Kutrom attempted to discharge its burden by arguing that the ordinance itself failed to recite its purpose and the city had failed to show any facts that rendered the restrictions on hours of operation and clothing reasonable. This argument, which Kutrom repeats on appeal, overlooks the force of the presumption of validity. A governmental unit is not required to support a legislative enactment of this kind by a study or recitation of the problems the legislation seeks to address. *Wermager*, 716 F.2d at 1214. The presumption renders such justification for a regulatory ordinance unnecessary, and shifts to the nonmovant the burden of pointing to specific facts in support of an element essential to his case on which he bears the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The essential element on which Kutrom would bear the burden of proof at trial would be its contention that the ordinance is unreasonable.

In determining whether Kutrom had met its burden to avoid summary judgment, the district court considered the presumption of validity and the interest proffered by the city in ensuring that massage parlors are not mere fronts for prostitution. Although the district court's treatment of the city planner's affidavit was inconsistent and somewhat confusing, this did not affect its ultimate holding. In addition to finding that the clothing regulation is a rational way to further the city's legitimate interest in making sure that massage parlors are not subterfuges for prostitution, the court stated that "illegal sexual conduct is most likely to take place at night." This speculation by the district court was permissible so long as it was derived from the arguments put forward by the city, thus giving Kutrom notice of the city's claim of reasonableness. See *Williamson v. Lee Optical Co.*, 348 U.S. 483, 487–88, 75 S.Ct. 461, 464, 99 L.Ed. 563 (1955), where the Court speculated as follows: "The legislature *might* have concluded.... But the legislature *might* have concluded.... Or the legislature *may* have concluded.... It is enough that there is an evil at hand for correction, and that it *might* be thought that the particular legislative measure was a rational way to correct it." (italics added).

Because Kutrom failed to set forth specific facts showing the existence of a genuine issue with respect to the reasonableness of the ordinance, the district court correctly granted summary judgment in favor of the city.

The judgment of the district court is affirmed.