Karin Keegan McCOY, Plaintiff,

v.

MONROE PARK WEST ASSOCIATES,
et al., Defendants.

No. 98–CV–60084–AA.

United States District Court,
E.D. Michigan,
Southern Division.

April 9, 1999.

Jack E. Gallon, Toledo, OH, Richard L. Steinberg, Detroit, MI, for plaintiff.

Michael D. Ritenour, Southfield, MI, for defendants.

*ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

STEEH, District Judge.

### INTRODUCTION

In response to plaintiff's complaint, defendants asserted twenty special and affirmative defenses. Plaintiff filed their motion for partial summary judgment on all twenty defenses. Defendants have voluntarily withdrawn fifteen of the special and affirmative defenses, and filed a response brief regarding the five defenses they continue to maintain.

### FACTUAL BACKGROUND

On the evening of Friday February 21, 1997 and the morning of February 22, 1997, a winter storm consisting of freezing rain moved across Southeastern Michigan. At that time, Mr. Dennis Livingway was the maintenance supervisor at the Monroe Park West Club apartment complex. Mr. Livingway was aware of the approaching storm, and reported to work on Saturday, February 22, 1997 as a "special call-in for snow and ice removal." Mr. Livingway lived at the apartment complex, and reported to work at 7:00 a.m. On his way to work, Mr. Livingway noted the icy, slippery conditions, and recorded "frozen rain—ice everywhere" in the company snow removal log.

The apartment complex consists of several two-story buildings, each with an exterior staircase because there are units on both floors. Mr. Livingway spread salt and a chemical deicing agent called SafeStep on the sidewalks and breezeways using a push-type spreader. On the landings and steps, Mr. Livingway spread SafeStep using a coffee can. Mr. Livingway completed these tasks by 8:30 a.m.

Plaintiff, Karin Keegan McCoy, lived on the second floor of one of the buildings in the apartment complex. On February 22, Ms. McCoy was descending the staircase outside her apartment at about 11:30 a.m. Ms. McCoy's fiancé, Mr. McCoy (now her husband), who was walking in front of her, turned around when he reached the bottom step to warn Ms. McCoy that there was a slippery spot. Just at that moment, Ms. McCoy fell, injuring her ankle. Mr. McCoy examined the bottom step and observed "black ice." Both Ms. McCoy and Mr. McCoy testified that there was no evidence of any salt or deicing agent on the stairway. Mr. Livingway testified that he specifically recalled applying chemical deicing agent to the particular stairway leading to Ms. McCoy's apartment.

The defendants in this case are Monroe Park West Associates, L.P., which is the owner of the Monroe Park West Club apartment complex, and Concord Management Ltd. and Concord Management Company, Inc., which are responsible for the day-to-day maintenance and management of the Monroe Park West Club apartments.

### STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See FDIC v. Alexander*, 78 F.3d 1103, 1106 (6th Cir.1996). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration

of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Kutrom Corp. v. City of Center Line,* 979 F.2d 1171, 1174 (6th Cir.1992).

The standard for determining whether summary judgment is appropriate is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Winningham v. North Am. Resources Corp.,* 42 F.3d 981, 984 (6th Cir. 1994) (citing *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989)). The evidence and all inferences therefrom must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Enertech Elec., Inc. v. Mahoning County Comm'r,* 85 F.3d 257, 259 (6th Cir.1996); *Wilson v. Stroh Cos., Inc.,* 952 F.2d 942, 945 (6th Cir.1992). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Hartleip v. McNeilab, Inc.,* 83 F.3d 767, 774 (6th Cir.1996).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *see also Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir.1995). Mere allegations or denials in the non-movant's pleadings will not meet this burden. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Further, the nonmoving party can-not rest on its pleadings to avoid summary judgment. It must support its claim with some probative evidence. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied,* 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

## ANALYSIS

### 1. Joint Liability

Defendants contend that there can be no joint liability between them pursuant to statute in Michigan. The pertinent statutes relate to tort actions seeking damages for personal injury against multiple defendants:

> Except as provided in section 6304, in an action based on tort or another legal theory seeking damages for personal injury ... the liability of each defendant for damages is several only and is not joint. However, this section does not abolish an employer's vicarious liability for an act or omission of the employer's employee.

MICH.COMP.LAWS ANN. § 600.2956 (West Supp.1998). Section 600.6304 deals with tort actions for personal injury damages involving fault of more than one person. Subsection (4) states: "Liability in an action to which this section applies is several only and not joint...." MICH.COMP.LAWS ANN. § 600.6304(4) (West Supp.1998).

Plaintiff argues that landowners owe business invitees a non-delegable duty to inspect the premises, erect safeguards against defective and dangerous conditions on the premises which present a foreseeable and unreasonable risk of injury, and to warn against the existence of defects of which it should have been aware and of which the invitee was unaware. Plaintiff argues that the statutes cited by defendant make no legal or logical sense in the case of a non-delegable duty, where the performance of the duty can be delegated, but the legal liability in the event of negligent performance cannot be delegated.

■ The statutes dealing with the abolition of joint liability require that plaintiff prove the liability of each tortfeasor. Then damages are allocated in proportion to the defendant's percentage of fault. The theory of this "tort reform" provision abolishing joint and several liability was to remedy the perceived unfairness of requiring a "deep pocket" defendant, whose conduct was a minor cause of injury to the plaintiff, to pay the entire judgment. Plaintiff maintains that this risk of unfairness does not exist in instances of vicarious liability, or non-delegable duty.

■ The language of the statutes at issue is clear in abolishing joint liability in most instances, including the situation in the present case. Plaintiff argues that this provision is unconstitutional. As legal support, plaintiff cites a case from Illinois, *Best v. Taylor Machine Works*, 179 111.2d 367, 179 Ill.2d 367, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997). In *Best*, the court found the tort reform provision which abolished joint and several liability to be unconstitutional because it contradicted another part of the same act. *Id.* at 425–26.[1] There is no similar, facial contradiction of statutory provisions in Michigan. Where the language of a statute is clear and unambiguous, the language must be given its ordinary meaning, and judicial construction is precluded. *Frankenmuth Mut. Ins. v. Marlette Homes*, 456 Mich. 511, 515, 573 N.W.2d 611 (1998).

The court does not need to choose between the statute abolishing joint and several liability and the common law duty of a landowner in this case because they can be reconciled. While the landowner does have a non-delegable duty to invitees on his land, this is not the same as strict liability. The jury could find that the management company was negligent but that the landowner was entirely reasonable in its behavior. Plaintiff additionally argues there is no legitimate reason for differentiating medical malpractice cases for purposes of joint and several liability. However, there is a rational basis for the legislature treating medical malpractice differently than other torts—experts assume more independent liability for their actions. This court finds that the statute abolishing joint and several liability is not unconstitutional.

The court hereby DENIES plaintiff's motion for partial summary judgment on the defense of joint and several liability. The question of liability will go to the jury, and the jury will be asked to allocate liability among all defendants.

### 2. Comparative Negligence

Three of defendants' special and affirmative defenses arise from the contention that some degree of fault is attributable to plaintiff. The defenses at issue are as follows:

2. Any injury, damages and/or loss alleged to have been incurred by plaintiff was or may have been occasioned by her sole and/or comparative negligence and if so, plaintiff's economic damages shall be reduced by said percentage of fault.

5. Defendants may not be liable for plaintiff's non-economic damages in the event that plaintiff's was greater than defendant's fault.

14. Plaintiff had actual notice of the condition which allegedly caused her accident.

As agreed by the parties at oral argument on the motion, defendants will be permitted to argue comparative negligence on the part of plaintiff. Therefore, plaintiff's motion for partial summary judgment on comparative negligence is DENIED.

### 3. Open and Obvious Danger Doctrine

Defendants set forth their final affirmative defense based on the open and obvious

---

1. 735 ILL.COMP.STAT. 5/2–1117 (West 1996) replaced joint and several liability with proportionate several liability, and 740 ILL.COMP.STAT.

10¾ (West 1996) permitted a plaintiff to recover the full judgment amount from any one or more defendants subject to liability.

danger doctrine, claiming that they owed plaintiff no duty to warn of defects which are open and obvious. In Michigan, the open and obvious danger doctrine has developed along two lines as a defense which encompasses both defendant's failure to warn about a dangerous condition and defendant's breach of duty in allowing the dangerous condition to exist in the first place. The open and obvious danger doctrine is described in RESTATEMENT (SECOND) OF TORTS § 343A(1): (1963–1964 Main Vol.)

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

A comment to the Restatement explains:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.

RESTATEMENT (SECOND) OF TORTS, § 343A, cmt. f (1963–1964 Main Vol.)

■ The Michigan Supreme Court discussed the duty to warn, finding that the open and obvious danger doctrine is a defensive rule that attacks the duty element of a negligence cause of action. *Riddle v. McLouth Steel Products*, 440 Mich. 85, 95–96, 485 N.W.2d 676 (1992). The threshold issue of the duty of care is a matter of law for the court to decide. If the dangerous conditions on the premises are hidden, the premises owner is obligated to warn the invitee of the dangers. "If the conditions are known or obvious to the invitee, the premises owner may nonetheless be required to exercise reasonable care to protect the invitee from the danger." *Id.* at 97, 485 N.W.2d 676 (citation omitted). There is no absolute duty to warn invitees of known or obvious dangers. The question of what constitutes reasonable care under the circumstances is a question for the jury. *Id.*

■ The present case is one which alleges the presence of invisible or "black" ice. The Michigan Supreme Court dealt with ice and snow in *Quinlivan v. Great Atlantic & Pacific Tea Co.*, 395 Mich. 244, 235 N.W.2d 732 (1975). The court overruled existing case law which held that a premises owner owed no duty to an invitee regarding obvious hazards arising from natural accumulations of ice and snow.

> While the invitor is not an absolute insurer of the safety of the invitee, the invitor has a duty to exercise reasonable care to diminish the hazards of ice and snow accumulation.... [The duty owed by an invitor] will require that reasonable measures be taken within a reasonable time after an accumulation of ice and snow to diminish the hazard of injury to the invitee.

*Id.* at 261, 235 N.W.2d 732. The court thus rejected the notion that snow and ice are obvious dangers for which no duty of care is owed by the premises owner. Black ice is a latent condition upon the land, which requires the premises owner to take reasonable measures to both warn invitees about the danger posed, and to diminish the danger to invitees in the first place.

■ Defendants argue that plaintiff was aware that the bottom steps were exposed to the weather and often iced up, that she made a practice of spreading salt on the stairs herself, and that she was aware there was snow on the ground and the temperature was around freezing on the date in question. These facts are not germane to the issue of open and obvious in this case involving a hidden condition upon

the land. However, defendants may argue these circumstances as evidence of plaintiff's comparative negligence.

For the reasons stated, plaintiff's motion for summary judgment on the open and obvious danger defense is GRANTED.

### CONCLUSION

Plaintiff's motion for partial summary judgment is granted in part and denied in part. Summary judgment is granted as to the open and obvious danger defense, and is denied as to joint and several liability and comparative negligence.