**Richard WYNN, Plaintiff,**

v.

**UNITED STATES PATENT AND TRADEMARK OFFICE Defendant.**

No. 00–CV–75436.

United States District Court, E.D. Michigan, Southern Division.

Feb. 5, 2002.

Richard Wynn, Hamtramck, MI, Pro se.

Francis L. Zebot, United States Attorney's Office, Detroit, MI, for Defendant.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

STEEH, District Judge.

### I. INTRODUCTION

This action, in which *pro se* plaintiff Richard Wynn has sued defendant U.S. Patent and Trademark Office (USPTO) as a result of its rejection of plaintiff's applications for federal registration of two marks, is presently before the court on defendant's motion for summary judgment. Previously, pursuant to Rule 7.1(e)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, the court ordered that there would be no oral hearing on this motion. The court has now reviewed and considered the parties' briefs and supporting documents. Because it is the court's finding that defendant's refusal to register plaintiff's marks was proper on the basis of likelihood of confusion pursuant to § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), defendant's motion for summary judgment is granted.

### II. BACKGROUND

On October 30, 1995, plaintiff Richard Wynn filed two applications with defendant United States Patent and Trademark Office to register the marks "21st CENTURY FOX" (Application No. 75/011,915) and "TWENTY FIRST CENTURY FOX" (Application No. 75/011,916). Plaintiff's trademark applications were made under 15 U.S.C. § 1051(b), based on his declaration of a *bona fide* intention to use the marks in commerce. His applications, included in the administrative record appended to defendant's motion, asserted his intention to use the marks on the following goods and services:

In Class 9: Pre-recorded video-discs, pre-recorded video tapes and cassettes, pre-recorded video-magnetic tapes all featuring live-action entertainment. Pre-recorded audio cassette tapes, all featuring adult social intercourse entertainment, specifically adults discussing adult entertainment topics using graphic adult entertainment language; all products are not advertised, marketed or presented on the global computer network;

In Class 41: Adult entertainment services that include adult movies and the production and distribution of adult motion picture films, adult television programs and adult television commercials; all services are not advertised, marketed or presented on the global computer network.

Defendant's Appendix, pp. 13–14 and 294–96.

Defendant ultimately rejected both applications, on the basis that the marks were so similar to marks already registered by the Twentieth Century Fox Film Corporation (the "registrant") that they would be likely to cause confusion or cause mistake or to deceive, citing 15 U.S.C. § 1052(d), which provides:

No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\* \* \* \* \* \*

(d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive. . . .

15 U.S.C. § 1052(d).

Defendant's examining attorney cited 11 marks registered to the Twentieth Century Fox Film Corporation in her decision to reject:

Registration No. 1,602,948 (issued 1990), TWENTIETH CENTURY FOX, for the following use: "Production and distribution of motion picture films, phonograph records, audio magnetic tapes, television programs, video magnetic tapes (videocassettes) and videodiscs." Defendant's appendix p. 87.

Registration No. 1,956,371 (issued 1996), TWENTIETH CENTURY FOX SELECTIONS, for the following use: "Pre-recorded video tapes, pre-recorded video cassettes, pre-recorded videodiscs featuring live action and animated entertainment." Defendant's appendix p. 88.

Registration No. 1,237,164 (issued 1983), TWENTIETH CENTURY FOX, for the following use: "Motion picture films, phonograph records, audio magnetic tapes, video magnetic tapes (videocassettes) and videodiscs." Defendant's appendix p. 89.

Registration No. 336,090 (issued 1936), TWENTIETH CENTURY FOX FILM CORPORATION 20TH CENTURY FOX, for the following use: "Silent, sound, dialogue, and talking motion picture films." Defendant's appendix, pp. 90–91.

Registration No. 1,928,423 (issued 1995), 20th CENTURY FOX, and design (not duplicated here) for "Motion picture films, pre-recorded video tapes, pre-recorded video cassettes, and pre-recorded videodiscs featuring entertainment." Defendant's appendix, pp. 92–93.

Registration No. 1,932,593 (issued 1995), 20th CENTURY FOX, and design (not duplicated here) for "Motion picture films; pre-recorded video tapes, video cassettes, and videodiscs featuring live-action and animated entertainment; pre-recorded audio cassettes and compact discs featuring music." Defendant's appendix, pp. 94–95.

Registration No. 1,465,225 (issued 1987), 20th CENTURY FOX, and design (not duplicated here) for "Cinematographic films, videotapes, pre-recorded videocassettes and video discs." Defendant's appendix, pp. 96–97.

Registration No. 1,256,722 (issued 1983), 20th CENTURY FOX and design (not duplicated here) for "Production and

distribution of motion picture films, television programs, pre-recorded videocassettes and videodiscs." Defendant's appendix, pp. 98–99.

Registration No. 1,011,919 (issued 1975), 20th CENTURY FOX and design (not duplicated here) for "Motion Picture Films." Defendant's appendix, pp. 100–01.

Registration No. 2,138,211 (issued 1998), 20th CENTURY FOX HOME ENTERTAINMENT and design (not duplicated here) for "Pre-recorded video cassettes, pre-recorded video tapes, pre-recorded videodiscs, pre-recorded audio cassettes, pre-recorded audio tapes, pre-recorded audio compact discs, and phonograph records, all featuring entertainment, action, adventure, dramatic, comedic, children's and documentary themes and musical performances." Defendant's appendix, pp. 158–59.

Registration No. 2,092,752 (issued 1997), 20th CENTURY FOX HOME ENTERTAINMENT and design (not duplicated here) for "Entertainment services in the nature of production and distribution of motion picture films; production and distribution for others of television programs, pre-recorded video cassettes, pre-recorded video tapes, pre-recorded videodiscs, pre-recorded audio cassettes, pre-recorded audio tapes, pre-recorded audio compact discs, and phonograph records." Defendant's appendix, pp. 160–61.

The existence and description of these marks was and is not disputed by the plaintiff. Plaintiff appealed the decision of the examining attorney on both applications to the TTAB, which considered the appeals in a consolidated proceeding, cited the registrant's marks set forth above, and affirmed the refusal to register plaintiff's marks. Finally, the TTAB denied plaintiff's request for reconsideration on October 17, 2000.

The TTAB's determination, like that of the examining attorney, performed a likelihood of confusion analysis under 15 U.S.C. § 1052(d), focusing on the relatedness of the goods and services and the marks' similarities. Defendant's appendix, p. 19. Despite plaintiff's position that the adult materials he desires to offer under the "21st CENTURY FOX" or "TWENTY-FIRST CENTURY FOX" labels are not similar to the entertainment products/services using the registrations cited by the examining attorney and TTAB, and that the registrant does not market and sell adult materials, the TTAB emphasized that the cited registrations include no limitations on types of goods and services and that therefore plaintiff's intended goods and services and those of the registrant were identical. Further, the TTAB found, as did the examining attorney, and despite plaintiff's argument concerning the different centuries and the intended meaning of the word "fox" in the marks (a surname in the registrant's marks, and a "beautiful woman" in the applicant's), that plaintiff's applications were for marks sounding and appearing so similar to those of the registrant that "if used in connection with identical goods and services, confusion would be likely." Defendant's appendix, p. 22.

Plaintiff's complaint, seeking review of the TTAB decision, was filed with this court on December 15, 2000. This court's review of a TTAB decision is conducted pursuant to 15 U.S.C. §§ 1071(b). Defendant now seeks entry of summary judgment in its favor.

## III. DISCUSSION

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affida-

vits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See FDIC v. Alexander,* 78 F.3d 1103, 1106 (6th Cir.1996). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Kutrom Corp. v. City of Center Line,* 979 F.2d 1171, 1174 (6th Cir.1992).

The standard for determining whether summary judgment is appropriate is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Winningham v. North Am. Resources Corp.,* 42 F.3d 981, 984 (6th Cir. 1994) (citing *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir.1989)). The evidence and all inferences therefrom must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996); *Wilson v. Stroh Co., Inc.,* 952 F.2d 942, 945 (6th Cir.1992). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Hartleip v. McNeilab, Inc.,* 83 F.3d 767, 774 (6th Cir.1996).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 270, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *see also Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir.1995). Mere allegations or denials in the nonmovant's pleadings will not meet this burden. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Further, the nonmoving party cannot rest on its pleadings to avoid summary judgment. It must support its claim with some probative evidence. *Kraft v. United States,* 991 F.2d 292, 296 (6th Cir.), *cert. denied,* 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 419 (1993).

**B. Standard for Review of TTAB Decision**

■ At the outset, the court recognizes that an appeal taken to a federal district court from the TTAB under 15 U.S.C. 1071(b) differs from those taken to the United States Court of Appeals for the Federal Circuit under 15 U.S.C. 1071(a), in that the latter is a review of the closed record below and actions such as the case *sub judice,* essentially new actions contesting the decision of the TTAB, are intended to be trials *"de novo"* of a TTAB decision. *See Schmidt v. Quigg,* 609 F.Supp. 227, 228 (E.D.Mich.1985); McCarthy on Trademarks and Unfair Competition § 21:21 (4th ed.). However, deference has always been applied by federal district courts to the findings of fact made by the Trademark Trial and Appeal Board. Historically, a majority of courts did not upset such findings unless new evidence was introduced "which in character and amount carries thorough conviction." *Id.,* citing *American Heritage Life Insurance Co. v. Heritage Life Insurance Co.,* 494 F.2d 3, 10 (5th Cir.1974). *See also Spraying Systems Co. v. Delavan, Inc.,* 975 F.2d 387, 391 (7th Cir.1992).

Defendant asserts that as of the decision in *Dickinson v. Zurko,* 527 U.S. 150, 152, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999), a federal district court's review of a TTAB decision is pursuant to the Administrative Procedure Act and that the applicable standard of review is that of substantial evidence under 5 U.S.C. § 706(2)(E). The Seventh Circuit case of *CAE, Inc. v. Clean Air Engineering,* 267 F.3d 660 (7th Cir. 2001) supports that assertion. *See also On–Line Careline, Inc. v. America Online, Inc.,* 229 F.3d 1080, 1085 (Fed.Cir.2000).

Therefore, the court is convinced that the record below should be examined using the substantial evidence standard of review under the APA, 5 U.S.C. § 706(2)(E). In addressing the meaning of "substantial evidence," as the CAE court quoted from the oft-cited *Consol. Edison Co. v. NLRB* case, located at 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938): "[s]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

### C. Analysis

█ In plaintiff's response to defendant's motion for summary judgment, he asserts that he has offered new evidence in this matter not considered at the administrative level. This "evidence" includes Twentieth Century Fox film catalogs from 1996 and 1997 and a photocopied book about the films of Twentieth Century Fox. Plaintiff's voluminous exhibits are offered, he asserts, to demonstrate that the registrant is not involved in production or sales of pornography, to which his marks would be exclusively devoted. Plaintiff also directs the court to the registrant's intent to use trademark applications for the very marks he seeks to register (21st CENTURY FOX and TWENTY–FIRST CENTURY FOX), pointing out that those applications, also, do not specifically include pornography. (Plaintiff's brief, p. 13).

In examining the factual findings of the TTAB, which found that the goods and services offered in connection with registrant's marks and those applied for by the plaintiff were identical, and that the marks were "so similar in appearance and sound that, if used in connection with identical goods and services, confusion would be likely," (Defendant's appendix, p. 22), it is this court's determination that substantial evidence supported such findings. As noted by the TTAB, the registrant's identifications of goods and services do not exclude pornography or "adult" materials or any other specific subject matter. Therefore, the description is all-inclusive, and pornography is no exception. The registrant's identification of goods in the cited marks *by definition* overlaps with those of the plaintiff. Even if the court were to accept plaintiff's contention that his exhibits and brief demonstrate that the registrant has not been and is not currently involved in the production or sale of adult or pornographic materials, it is this court's finding that such a demonstration neither alters the description used by the registrant in connection with the cited marks nor the protection afforded the registrant by its registrations. Likewise, the finding of the TTAB concerning the similarity of the marks is supported by substantial evidence; the marks are virtually identical, save for the changed century. The plaintiff's arguments concerning the connotation of the word "fox" does not alter this; the word appears in an identical form in both his applications and the registrations, and plaintiff has offered no evidence concerning the interpretation of the word "fox" by a potential consumer of his goods observing his marks. Finally, plaintiff's drawings set forth in his brief were not included in his applications for registration, and the rejection of his applications

was based only on the words and numbers making up "21st CENTURY FOX" and "TWENTY–FIRST CENTURY FOX." Had explicit drawings of female body parts been part of his applications, this story might be a different one.

Concerning plaintiff's contention that his argument concerning the Federal Trademark Dilution Act of 1995 was not considered at the administrative level, the court is in agreement with the defendant that the TTAB did not apply the Dilution Act to the applications at issue; rather, the determination of the TTAB was based on 15 U.S.C. 1052(d). Therefore, plaintiff's repeated assertions that the date of his applications saves him from application of the Dilution Act are extraneous to this matter.

Finally, the court has considered factors utilized by courts in this circuit in making a likelihood of confusion determination, *see Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir.1997) (eight factors are 1) strength of the senior mark; 2) relatedness of the goods and services; 3) similarity of the marks; 4) evidence of actual confusion; 5) marketing channels used; 6) likely degree of purchaser care; 7) the intent of the applicant in selecting the mark; and 8) likelihood of expansion of the product lines). *See also Jet, Inc. v. Sewage Aeration Systems*, 165 F.3d 419 (1999). The court remains convinced that the TTAB's decision, relying on *In re E.I. DuPont DeNemours & Co.*, 476 F.2d 1357 (Cust. & Pat.App.1973), was correct.

■ In this matter, plaintiff sought to register two marks, comprised solely of words and numerals, reading "21st CENTURY FOX" and "TWENTY–FIRST CENTURY FOX." Although his argument might be read to suggest otherwise, plaintiff did not apply for the registration of such words in conjunction with a drawing or photograph, and plaintiff did not alter the word fox in any way, such as FOXX, or FOXES, to suggest a "sexy woman" who might be viewed in a pornographic film. As discussed above, the court has considered the evidence presented by the plaintiff and finds the TTAB's determinations on similarity of the marks and relatedness of the goods and services were supported by substantial evidence. Additionally, although plaintiff argues that the registrant's marks are not strong in pornography, it is not disputed that the Twentieth Century Fox Film Corporation's marks are "strong," and are entitled to significant protection. *Kenner Parker Toys v. Rose Art Industries*, 963 F.2d 350, 352 (Fed.Cir. 1992). The court further notes that no admissible evidence was presented by either party concerning actual confusion or a lack thereof. Concerning marketing channels used, the plaintiff asserts that his products will be available only in adult stores, where the registrant's products are not located; however, as set forth above, the court accepts the TTAB's finding that the registrant's description of its goods does not exclude pornography. The parties have made no arguments relating to evidence of the likely degree of purchaser care, the intent of the applicant in selecting the mark; or likelihood of expansion of the product lines, and it is the court's finding that no question of material fact exists as to these prongs of the test set forth above.[1]

Keeping in mind that plaintiff seeks to register marks for goods identical to those of the registrant, which vary from the

---

1. The court acknowledges plaintiff's intention to solicit testimony at trial that the registrant has no intention to become a producer/seller of adult materials. However, no such evidence was offered by the plaintiff, and had such evidence been offered, it is the court's determination that such evidence would not have outweighed the other factors supporting a finding of likelihood of confusion.

marks of the registrant by only one digit, the court finds that the determination of the TTAB was also proper under precedent in this circuit. No material question of fact exists in this matter which requires presentation to a jury.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is hereby GRANTED as to plaintiff's complaint in its entirety.